# SOUTHERN DISTRICT OF CALIFORNIA

## CONTRACT FOR PARTICIPATION IN
## PRETRIAL DIVERSION PROGRAM

Name: GIOVANNI ORTEGA

Docket No: 14CR 0171-L

Offense: 8 USC 1324 (a)(2)(B)(iii)

Date of Plea: January 21, 2014

Period of Diversion: 12 Months



FILED
JAN 2 3 2014
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

### INTRODUCTION

You have been given the opportunity to participate in the Southern District of California's Alternatives to Prison Solutions (APS) pretrial diversion program. APS is a program in which certain defendants are offered the opportunity to divert prosecution in exchange for participation in a court-supervised, intensive pretrial supervision program aimed at early intervention, rehabilitation, employment and education. Participation is entirely voluntary. If you do not wish to participate, your criminal case will proceed by normal course, and there will be no additional negative consequence.

### THE APS BASICS

The APS period of diversion will last at least one year. Defendants in APS will be under the supervision of an APS U.S. Pretrial Services Officer (PSO). Defendants agree to take part in drug, alcohol, and mental health testing and evaluations. Defendants also agree to participate in any and all recommended drug, alcohol, and mental health programs and to actively seek and maintain employment or education. In addition, defendants must comply with all other conditions of pretrial release and supervision.

You will be appointed a criminal defense attorney (CDA) who is a member of the APS team, and who will be permitted to have access to your treatment provider and treatment records. An assistant U.S. attorney (AUSA) will also be assigned to the APS program. Both the defense attorney and the AUSA will work with the PSO to provide additional support and encouragement for your success in the APS program.

1                                         Def. Initials G.O

If you choose to participate and successfully complete APS, the criminal charge will be dismissed.

If you choose to participate and do not successfully complete APS, your case will be set for sentencing pursuant to your plea as set forth in the Diversion Agreement and you will be appointed a new attorney who is not involved in the APS program.

## **LENGTH OF DIVERSION**

The APS diversion period will last at least one year. Defendants who struggle during pretrial supervision, but remain dedicated to success, may be allowed to extend the APS diversion period to enable them to complete their term of pretrial supervision and treatment and still be rewarded with the dismissal of their criminal charge.

## **COURT APPEARANCES**

At least once a month you will be required to appear before the Diversion magistrate judge to discuss your progress and evaluate your compliance. Court appearances may increase or decrease over the duration of pretrial supervision, based upon the your progress. The PSO, CDA, and AUSA will be present at court appearances. Progress reports from the PSO and treatment provider will be provided to the court and attorneys. These reports will describe both successes and problems experienced on pretrial supervision, either treatment-related, or otherwise.

## **LIMITED USE OF STATEMENTS MADE DURING THE APS PROGRAM**

An important component of the APS program is your complete candor during your treatment, interactions with Pretrail Services, and diversion court appearances. To encourage your candor, the United States Attorney's Office for the Southern District of California (USAO) has agreed as follows:

> (A) Except as otherwise provided in subparagraphs (B) and (C) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make to the Diversion magistrate judge during your APS program appearances or any statements you make to treatment providers or to the PSO (collectively APS program statements).

> (B) Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use

2  Def. Initials 6.D

(i) information derived directly or indirectly from APS program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and

(ii) APS program statements and all evidence obtained directly or indirectly from those APS program statements for the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

(C) Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO reserves the right to use any APS program statements in any prosecution for false statements, obstruction of justice, or perjury.

The USAO's agreement in subsection (A) above is limited to the USAO for the Southern District of California and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. Moreover, the USAO's agreement in subparagraph (A) above is limited to APS program statements and does not apply to any statements made by you at any other time, whether oral, written, or recorded.

## DIVERSION VIOLATIONS AND SANCTIONS

You are required to comply with all conditions imposed by the Diversion magistrate judge and the Pretrial Services officer. Failure to do so will result in the imposition of sanctions. Violations and sanctions will ordinarily be handled on the regularly scheduled Diversion magistrate judge's calendar. The court however can schedule an appearance at any time. Sanctions and modifications regarding treatment may be handled on an expedited basis with the consent of the parties and the Diversion magistrate judge. If a Progress Report contains an allegation of noncompliance you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pretrial release when they are accused of violating a condition of release. If you do, there will be no hearing on whether the allegation is true and the Diversion magistrate judge will decide whether a program sanction is appropriate. As noted above, noncompliance can also be handled outside the presence of the Diversion magistrate judge if all parties agree.

3   Def. Initials G.O

Alternatively, you may wish to contest the alleged violation. The only permissible contested hearing in the APS program, however, is a claim of actual innocence of the alleged violation or act of non-compliance. If a contested hearing is requested, your counsel will assist you in contesting the allegation. After the hearing, the Diversion magistrate judge will decide whether the allegation of non-compliance is true.

If you admit a violation or the Diversion magistrate judge finds such a violation or act of non-compliance, you will be sanctioned. The range of possible sanctions is broad to ensure that the sanction is appropriate for the violation or act of non-compliance. Factors that will influence the type of sanction employed include the seriousness of the violation or act of non-compliance, the number of violations, and the length of time you have remained compliant, either before a first violation, or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed below - including termination from APS - is available. As a general rule, when there are repeat violations, more serious sanctions will be applied. Sanctions may include but are not limited to:

* Judicial reprimand in open court;

* Order to attend and observe pre-determined APS program proceedings;

* Order to submit a written explanation for noncompliance behavior and how you plan to correct (for example, why you failed to attend treatment or tested positive or about the trigger that most often causes you to relapse and why, or about what you will do differently to prevent this type or another violation in the future);

* Ordered to engage in additional hours of community service;

* Curfew restrictions or home confinement (with conditions that may include GPS monitoring);

* Increase in frequency of progress hearings before the Diversion magistrate judge;

* Complete a non-punitive residential term at a community corrections center or treatment facility;

4 Def. Initials G.O

* Attend or increase attendance at Narcotics Anonymous, Alcoholic Anonymous, or other out-patient treatment program;

* Termination from APS with or without filing a formal violation.

If appropriate, sanctions may be ordered more than once during the course of APS. When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through modification and without an appearance before Court. The PSO's report at the next Court appearance will inform the Diversion magistrate judge whether you properly complied with the sanction ordered at the last appearance. Failure to comply with ordered sanctions may result in added sanctions or termination from the APS program.

The PSO need not wait until the scheduled court appearance to address problems in pretrial release. If you fail to abide by the direction of the PSO, the PSO will contact defendant, and defendant's counsel, to address the problem. Minor violations may be dealt with by either the PSO or by a team including the PSO, defense counsel and the AUSA. If the participant commits a major violation, an arrest warrant may immediately be requested and issued.

## **TERMINATION FROM APS**

Termination from APS may occur due to a failure or refusal to participate in treatment and/or other programs ordered by the Diversion magistrate judge, by incurring repeated violations of or non-compliance with any other conditions of pretrial release, by failing to make required court appearances, or by committing a new crime. Decisions regarding involuntary terminations will be made by the Diversion magistrate judge. If you wish to appeal the Diversion magistrate judge's termination decision to the assigned district judge, you must do so within 14 days of the termination decision.

You also may voluntarily discontinue the program. If you choose to do so, you will be assigned a new, non-APS attorney and will be ordered to appear before the assigned district judge for sentencing in accordance with your plea and Diversion Agreement. You also will be transferred to traditional pretrial supervision. Your new PSO will not charge you with any violations committed and resolved during your participation in the APS program. However, if you terminate your participation prior to the resolution of the violation, the violation may be alleged by the new PSO and resolved by the new judge. In addition, the judge presiding over any pretrial supervision violation will be advised of all conduct that

5 Def. Initials 6.O

has taken place during pretrial supervision including successes, failures, and sanctions which occurred during your participation in APS.

As noted above, if you are terminated from the APS program, or voluntarily withdraw, you will be appointed new counsel and your case will proceed to sentencing on the plea entered pursuant to the diversion agreement. Upon acceptance of the plea by the district judge, you will not have a right to withdraw your plea. Additionally, you will return to regular pretrial supervision status, and may face a violation hearing. **THE COMMISSION OF A NEW CRIME SHALL RESULT IN TERMINATION FROM THE APS PROGRAM**

## GRADUATION AND DISMISSAL OF CRIMINAL CHARGE

Upon successful completion of the APS program, your criminal charge will be dismissed.

## AGREEMENT TO PARTICIPATE

*DEFENDANT*:

I, Jose Sanchez-Trabado, have read, or someone has read to me, this Contract. I have discussed this Contract with my attorney and I understand its terms. I have also discussed with my attorney the APS program and I understand that program. I voluntarily agree to participate in the APS program subject to the terms and conditions set forth in this contract. I understand that I can revoke my voluntary participation in the APS program at any time and understand that by doing so, I agree that I will not have a right to withdraw my plea and that my case will proceed to sentencing pursuant to my diversion agreement.

DATE: 1/16/14

SIGNATURE: _____

*APS PROGRAM DEFENSE ATTORNEY*:

I, the attorney representing the Defendant in connection with the APS program, have discussed this diversion program and this contract with the defendant. I believe the defendant understands the APS program and the terms and conditions of this Contract, and that the defendant's decision to participate in the APS program is knowingly and voluntarily made.

DATE: 1/16/14

SIGNATURE: _____

*APS PROGRAM ASSISTANT UNITED STATES ATTORNEY*:

I, the Assistant United States Attorney representing the United States Attorney's Office for the Southern District of California, in the APS program, agree to the terms and conditions of this Contract on behalf of the USAO. (and accept the above-named Defendant into the APS Program subject to the terms and conditions of this contract.)

DATE: 1/14/14

SIGNATURE _[signature]_

*APS PROGRAM PRETRIAL SERVICES OFFICER*:

I, the Pretrial Services Officer assigned to the APS Program, accept the above-named Defendant into the APS Program subject to the terms and conditions of this Contract.

DATE: _____

SIGNATURE _[signature]_

*APS PROGRAM DIVERSION MAGISTRATE JUDGE*:

I, the APS Program Diversion Magistrate Judge, accept the above-named Defendant into the APS Program subject to the terms and conditions of this Contract.

DATE: 1/23/14

SIGNATURE _[signature] Barbara L. Major_

Def. Initials: G.O.